UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD Q. SMITHER,           ) | |
|        Plaintiff,           ) | |
| v.                           ) | Civil Action No.   25-02763 (UNA) |
| U.S. DEPARTMENT OF JUSTICE,  ) | |
|        Defendant.          ) | |

## MEMORANDUM OPINION

This action brought *pro se* is before the Court on review of Plaintiff's Complaint for Declaratory and Injunctive Relief and application for leave to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP motion and dismisses the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Plaintiff, a resident of Houston, Texas, is a "disabled whistleblower and federal civil rights complainant whose claims have been ignored and mishandled" by the Department of Justice (DOJ). Compl., ECF No. 1. In the single-page complaint, Plaintiff alleges that DOJ's "failure to respond to communications . . . related to a pending federal civil rights and housing discrimination matter" violates the Administrative Procedure Act (APA), Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act (ADA), "including 42 U.S.C. § 12203 (Retaliation)." Plaintiff "seeks immediate injunctive relief, recognition of protected whistleblower status, and oversight by an independent party to ensure compliance with federal law." Compl., ECF No. 1 at 1.

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with

the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. It "does not require detailed factual allegations, but it demands more than [the] unadorned, the-defendant-unlawfully-harmed-me accusation[s]" asserted here. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Nothing suggests that Plaintiff has pursued claims under the APA, the Rehabilitation Act, or the ADA and obtained an agency decision. To the extent Plaintiff seeks an order to compel DOJ to investigate his claims and to grant him whistleblower status, it is "long acknowledged that the Attorney General's authority to control the course of the federal government's litigation is presumptively immune from judicial review." *Shoshone Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995). Plaintiff's conclusory assertions do not overcome the presumption. Therefore, this case will be dismissed by separate order.

Dated: November 12, 2025                                            _____
                                                                    TREVOR N. McFADDEN, U.S.D.J.